IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEBBIE HELMS                                                                    PLAINTIFF

         v.                          Civil No. 04-6094

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

The plaintiff in this case has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her claim for a period of disability and disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively. Both parties have filed appeal briefs (Doc. #9 & 10). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g).*

The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted here except as necessary.

The plaintiff asserts disability due to: degenerative disc disease; bilateral carpal tunnel syndrome; hypertension; headaches; arthritis; loss of dexterity; depression; fatigue/insomnia; and, pain, weakness and numbness. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Specifically, the plaintiff asserts that the ALJ erred in discrediting her and ignoring medical evidence of her "significant non-exertional

limitations" (Doc. #9, p. 2).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 404.1520(b)*. If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id., § 404.1520(c); see 20 C.F.R. § 404.1526.* If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 404.1520(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 404.1520(e)*. If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id., § 404.1520(f)*. If so, benefits are denied; if not, benefits are awarded.

The plaintiff's current applications were filed on August 26, 2002. An administrative hearing was held on September 30, 2003 (T. 29-67), after which the ALJ issued his written decision, dated February 17, 2004, containing the following relevant findings:

    3.    The claimant's status post bilateral carpal tunnel release,

> degenerative disc disease of the cervical spine, and arthritis of the bilateral knees are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the residual functional capacity to lift/carry no more than 10 pounds occasionally and five pounds frequently; stand/walk six hours of an eight-hour workday; and sit six hours of an eight-hour workday. Claimant is precluded from handling which requires fine bilateral dexterity. In other words, claimant can perform a narrowed range of "light" work.
>
> 7. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).
>
> 12  Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as directory assistance operator, of which there are approximately 1.600 positions available in the regional economy and 220,300 positions available in the national economy; charge account clerk, 1.100 positions regionally and 155,400 positions nationally; and food checker, 1,600 positions regionally and 217,900 positions nationally. These jobs do not require the performance of any activities precluded by claimant's residual functional capacity.
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)(.

(T. 24-25).

**Discussion:**

AO72A
(Rev. 8/82)

This court's review is limited to whether the decision of the Commissioner to deny disability benefits to the plaintiff is supported by substantial evidence on the record as a whole. *Lorenzen v. Chater*, 71 F.3d 316, 318 (8th Cir.1995). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir.1996). The undersigned must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir.1996) (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir.1993). The decision should not be reversed "merely because substantial evidence would have supported an opposite conclusion." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995) (citation omitted).

Moreover, the court's review is not simply "a rubber stamp for the [Commissioner's] decision and involves more than a search for evidence supporting the [Commissioner's] findings." *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984). Indeed, "[t]o determine whether existing evidence is substantial, '[the court] must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it.' " *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir.1999) (quoting *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir.1993)). In addition, the court's review of the decision must include a determination as to whether the proper legal standards were applied. *See Nettles v. Schweiker*, 714 F.2d 833, 835-36 (8th Cir.1983). Thus, this court's review is both limited and deferential to the agency. See *Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir.1996).

The plaintiff bears the burden of proving that she is unable to engage in substantial

-4-

AO72A
(Rev. 8/82)

gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least 12 months or result in death. *42 U.S.C. § 423(d)(1)(A)*. See also, *Ingram v. Chater, 107 F.3d 598, 601 (8th Cir.1997); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir.1983)*. Further, the plaintiff has the burden of showing that she is not able to perform her past relevant work. *Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir.1994)*. Thus, the plaintiff has a responsibility to present the strongest case possible. See *Thompson v. Sullivan, 928 F.2d 255, 260 (8th Cir.1991)*.

Because the ALJ determined that this plaintiff was unable to return to her past relevant work, the burden of persuasion shifted to the Commissioner to show that plaintiff was able to engage in work in the national economy. *Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir.1992)*. In the present case, the ALJ utilized the testimony of a vocational expert (hereinafter "VE"), to reach his decision that plaintiff was not disabled. When, as here, the ALJ finds the plaintiff's nonexertional impairments significantly diminish his or her residual functional capacity to perform the full range of activities listed in the Guidelines, the Commissioner must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the plaintiff's characteristics. *Thompson, 850 F.2d at 349;* see also *Harris v. Shalala 45 F.3d 1190, 1194 - 1194 (8th Cir.1995)*.

Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work. Examples are mental, sensory or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions. See *20 C.F.R. Subpart P, Appendix 2, § 200.00(e) (1986)*. Pain is a nonexertional

AO72A
(Rev. 8/82)

impairment. See *Beckley v. Apfel 152 F.3d 1056, 1059 (8th Cir.1998); Cline, 939 F.2d 560, 565 (8th Cir.1991).*

When making determinations regarding the credibility of a plaintiff's subjective allegations of pain, *Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984),* requires the administrative factfinder to examine such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and, (5) functional restrictions. *Polaski,* 739 F.2d at 1322. When rejecting a plaintiff's complaints of pain, however, the ALJ must make an express credibility determination detailing his reasons for discrediting the testimony. *Ricketts v. Secretary of H.H.S., 902 F.2d 661, 664 (8th Cir.1990).*

At the outset, the defendant contends that the ALJ erred in that he "never presented the [VE] with any of plaintiff's non-exertional limitations, even though the defendant was aware, as early as 9/12/02 that 'Depression may be an issue'" (Doc. #9, p. 11, T. 142). The defendant counters, however, noting:

> The ALJ correctly set forth the proper standard for determining whether Plainitff has "severe" impairments at step two of the sequential evaluation process (Tr. 17-18). An impairment is "severe" within the meaning of the Act if it imposes significant restrictions on Plaintiff's ability to perform basic work activities (Tr. 17-18). 20 C.F.R. §§ 404.1520(c) and 416.920(c). Plaintiff has the burden of establishing a medically severe impairment, and Plaintiff has failed to meet this burden. *Brown v. Shalala, 15 F.3d 97-99-100 (8th Cir.1984).*
>
> Proof of a disabling impairment must be supported by at least some medical evidence. *Marolf v. Sullivan, 981 F.2d 976, 978 (8th Cir.1992).* Plaintiff fails to present *any* medical evidence of depression in support of claim. The record reveals that Plaintiff was never diagnosed with depression, nor did she complain of depression to any physicians. In support of her claim, she relies upon a comment made by an Agency field office employee, who is not a medical doctor or mental health professional, certainly does not provide sufficient evidence to

AO72A
(Rev. 8/82)

> prove that Plaintiff has a "severe" mental impairment (Tr. 142). Furthermore, the fact that Plaintiff did not allege depression to be an impairment in her application, accompanying disability reports, or at the hearing is significant and supports the ALJ's conclusion. *Dunahoo v. Apfel*, 2441 F.3d 1033, 1037 (8th Cir.2001)

(Doc. #10, p. 4). We find the defendant's position to be the more persuasive one, and find that it is supported by substantial evidence of record. The undersigned has carefully reviewed the record, and note that depression is mentioned only twice throughout. Depression is mentioned as stated above, by an agency worker and also, at the administrative hearing, when the ALJ specifically asked the plaintiff if she had depression, the plaintiff stated "some" and further reported that she has not undergone any treatment for the alleged condition, takes no medication for it and does not attend counseling (T. 52). Clearly, the evidence supports the ALJ's determination on this point.

The plaintiff also argues that the ALJ erred in using the Medical-Vocational Guidelines "to support findings that a claimant with back pain was not disabled" (Doc. #9, p. 17), and that the ALJ failed to meet his burden "to develop a full record regarding the vocational opportunities available to Plaintiff" through reliance on the "grids" (Doc. #9, p. 19). However, as has been noted, the ALJ procured the testimony of a VE in making his disability determination. Thus, these arguments are completely without merit

Unfortunately, the majority of plaintiff's 29-page appeal brief is a recantation of certain Social Security Rulings and case law, which are not applicable to this case, and any remaining arguments are scarcely tethered to the record, if at all.

Finally, the plaintiff loosely argues that the ALJ's RFC assessment is not supported by substantial evidence of record. As has been noted, the ALJ found that plaintiff retained the

AO72A
(Rev. 8/82)

RFC to perform a narrowed range of light work. To arrive at this conclusion, the ALJ had to take into consideration the plaintiff's subjective complaints. Plaintiff alleges: pain; numbness (T. 195, 129, 171, 174, 175, 191, 239, 235, 250, 251, 262, 260, 259, 289, 291); fatigue/ insomnia (T. 49, 231); loss of fine manipulation/dexterity (T. 129, 250, 251, 261, 259); headaches (T. 288); and, weakness (T. 201, 247, 260, 288). The undersigned concludes that the ALJ properly considered the plaintiff's subjective allegations and nonexertional limitations under the criteria set forth in *Polaski*, and found them not entirely credible. The ALJ considered the objective medical evidence, and noted that the record reflects on January 18, 2002, Dr. Robert Olive made the following assessment:

> From my standpoint though, she has reached maximum medical improvement and from an objective standpoint, has not (sic) ratable impairment.

(T. 259, 290).

In addition, the record calls into question the plaintiff's motivation to return to work (T. 19, 288-293, 259, 231, 232, 175), while at the same time, reflects that she has continued to work since her alleged onset date (T. 40-42, 46, 38, 39, 50).

In assessing credibility, an ALJ should consider all the relevant evidence, including the plaintiff's work record, and observations by third parties and doctors relating to daily activities, the duration, frequency, and intensity of the pain, precipitating and aggravating factors, dosage, effectiveness, and side effects of medication, and functional restrictions. *Polaski v. Heckler, 739 F.2d at 1322.* Here, the ALJ adverted to the holding in *Polaski,* and found that plaintiff's subjective complaints were inconsistent with her claims of disability due to the lack of consistent, and only conservative medical treatment, cessation of a job due to being laid off,

-8-

minimal objective evidence and the fact that she sought unemployment benefits (T. 20-22). *Depover v. Barnhart 349 F.3d 563, 566 (8th Cir.2003)*. The ALJ's credibility determination is supported by substantial evidence of record.

We must affirm if substantial evidence on the record as a whole supports the Commissioner's decision. This inquiry requires us to give appropriate weight to evidence contrary to the ALJ's findings. *Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir.1991)*. However, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir.1989)*. After careful review of the administrative record, we conclude that substantial evidence supports the ALJ's decision. *Russell v. Sullivan 950 F.2d 542, 544 (8th Cir.1991)*.

**Conclusion:**

Accordingly, the undersigned concludes that the decision of the ALJ, denying benefits to the plaintiff, is supported by substantial evidence of record and should be affirmed. The Court also finds that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 22nd day of August, 2005.

                                              /s/ Bobby E. Shepherd
                                            HONORABLE BOBBY E. SHEPHERD
                                            UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)